## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CHRISTOPHER ANDRADE,**

      **Plaintiff,**

**v.**                                                      **Case No:**

**CREDIT CONTROL SERVICES,**
**INC. d/b/a CREDIT COLLECTION**
**SERVICES,**                                               **DEMAND FOR JURY TRIAL**

      **Defendant.**
_____/

## PLAINTIFF'S COMPLAINT
## WITH INJUNCTIVE RELIEF SOUGHT

**COMES NOW**, Plaintiff, **CHRISTOPHER ANDRADE** ("Mr. Andrade" or

"Plaintiff"), by and through the undersigned counsel, and hereby sues and files this

Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**,**

**CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES**

("Defendant"), and in support thereof states as follows:

### *Introduction*

1.      This action arises out of an alleged "Debt" or "Consumer Debt" as defined

by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), the Restrictions on Use of Telephone

Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection

Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt

by using an automatic telephone dialing system or an artificial voice or prerecorded

message to call Mr. Andrade's Cellular Telephone after Mr. Andrade expressly revoked consent for Defendant to place calls to his Cellular Telephone, and by continuing to place calls to Mr. Andrade's Cellular Telephone despite his request that all calls stop, which can reasonably be expected to harass Mr. Andrade.

### *Jurisdiction and Venue*

2.     This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3.     Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4.     Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5.     Plaintiff, Mr. Andrade, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6.     Mr. Andrade is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 813-***-4555 ("Mr. Andrade's Cellular Telephone").

7.     At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of Massachusetts and its registered agent, CT

CORPORATION SYSTEM located at 1200 South Pine Island Road, Plantation, FL 33324.

8.      At all times material hereto, Defendant was and is a "Debt Collector" as defined by Fla. Stat. § 559.55(7) and 15 U.S.C. § 1692a (6).

### *Statements of Fact*

9.      Mr. Andrade received medical services that opened an account for any charges incurred ("Account").

10.     Mr. Andrade encountered financial difficulties and was unable to remit payment towards the Account, incurring an outstanding balance owed thereunder ("Debt").

11.     Under information and belief, Defendant was thereafter sold, transferred, or assigned the Account for Debt collection purposes.

12.     On or around June 4, 2018, Defendant placed a call to Mr. Andrade's Cellular Telephone in attempts to collect the Debt.

13.     Mr. Andrade answered Defendant's call and demanded that Defendant stop calling his Cellular Telephone.

14.     The very next day, Defendant called Mr. Andrade's Cellular Telephone again in attempts to collect the Debt.

15.     Mr. Andrade answered Defendant's call again and requested that Defendant check its records for his prior request that Defendant not call his Cellular Telephone.

16.     In response, Defendant's representative confirmed that Mr. Andrade's request for Defendant to stop calling his Cellular Telephone was in Defendant's records.

17.     Despite Mr. Andrade's demands, Defendant continued to place calls to Mr. Andrade's Cellular Telephone in attempts to collect the Debt.

18.     Specifically, Defendant called Mr. Andrade's Cellular Telephone at least twenty (20) times from June 5, 2018 and the present.

19.     Defendant called Mr. Andrade's Cellular Telephone from telephone number 781-989-1000.

20.     Often, Mr. Andrade would answer Defendant's call and the call would not connect to a live representative and abruptly hang up.

21.     Under information and belief, all of Defendant's calls to Mr. Andrade's Cellular Telephone were placed in an attempt to collect the Debt.

22.     Mr. Andrade has been harassed as a result of the timing and content of Defendant's calls.

### *Count 1: Violation of the Telephone Consumer Protection Act*

23.     Mr. Andrade re-alleges paragraphs 1-22 and incorporates the same herein by reference.

24.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or

any service for which the called party is charged for
the call.

25. Mr. Andrade never provided any consent for Defendant to call Mr. Andrade's Cellular Telephone by use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message.

26. This is because Mr. Andrade had no prior business relationship with Defendant to provide any prior express consent for Defendant to call Mr. Andrade's Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message.

27. Despite never having Mr. Andrade's consent to call Mr. Andrade's Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message, Defendant called Mr. Andrade's Cellular Telephone at least twenty (20) times.

28. Further, Mr. Andrade revoked consent to have Defendant call his Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message on or around June 4, 2018 when he expressly told Defendant to stop calling him.

29. Mr. Andrade revoked consent to have Defendant call his Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message again on or around June 5, 2018.

30. Despite Mr. Andrade's repeated revocations of consent, Defendant thereafter called Mr. Andrade's Cellular Telephone at least twenty (20) times.

31. Defendant did not have Mr. Andrade's consent to call his Cellular Telephone at any point in time.

32. Mr. Andrade never provided Defendant with Mr. Andrade's Cellular Telephone number.

33.     Defendant did not place any emergency calls to Mr. Andrade's Cellular Telephone.

34.     Defendant willfully and knowingly placed non-emergency calls to Mr. Andrade's Cellular Telephone.

35.     Mr. Andrade knew that Defendant called Mr. Andrade's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Defendant on his cellular telephone before a live representative of Defendant came on the line.

36.     Mr. Andrade also knew that Defendant called Mr. Andrade's Cellular Telephone using an ATDS because, often, Mr. Andrade would answer Defendant's call and it would not connect to a live operator and, instead, would just hang up after a period of silence.

37.     Mr. Andrade knew that Defendant called Mr. Andrade's Cellular Telephone using a prerecorded voice because Defendant left Mr. Andrade at least one voicemail using a prerecorded voice.

38.     Defendant used an ATDS when it placed at least one call to Mr. Andrade's Cellular Telephone.

39.     Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. Andrade's Cellular Telephone.

40.     Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Andrade's Cellular Telephone.

41.     Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Andrade's Cellular Telephone.

42.     At least one call that Defendant placed to Mr. Andrade's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

43.     At least one call that Defendant placed to Mr. Andrade's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

44.     At least one call that Defendant placed to Mr. Andrade's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

45.     At least one call that Defendant placed to Mr. Andrade's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

46.     At least one call that Defendant placed to Mr. Andrade's Cellular Telephone was made using a prerecorded voice.

47.     Defendant has recorded at least one conversation with Mr. Andrade.

48.     Defendant has recorded more than one conversation with Mr. Andrade.

49.     Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Andrade, for its financial gain.

50.     Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Andrade's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

51.     The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Andrade, despite individuals like Mr. Andrade revoking any consent that Defendant believes it may have to place such calls.

52.     Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Andrade's Cellular Telephone.

53.     Defendant has corporate policies to abuse and harass consumers like Mr. Andrade despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

54.     Defendant's phone calls harmed Mr. Andrade by trespassing upon and interfering with Mr. Andrade's rights and interests in his Cellular Telephone line.

55.     Defendant's phone calls harmed Mr. Andrade by wasting his time.

56.     Defendant's phone calls harmed Mr. Andrade by being a nuisance and causing him aggravation.

57.     Defendant's phone calls harmed Mr. Andrade by causing a risk of personal injury to Mr. Andrade due to interruption and distraction.

58.     Defendant's phone calls harmed Mr. Andrade by invading his privacy.

59.     Defendant's phone calls harmed Mr. Andrade by causing him embarrassment.

60.     Defendant's phone calls harmed Mr. Andrade by causing him emotional distress.

61.     All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a.   Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

   b.   Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

   c.   Awarding Plaintiff costs;

   d.   Ordering an injunction preventing further wrongful contact by the Defendant; and

   e.   Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

62.     Mr. Andrade re-alleges paragraphs 1-22 and incorporates the same herein by reference.

63.     Mr. Andrade is a "consumer" within the meaning of the FDCPA.

64.     The subject debt is a "consumer debt" within the meaning of the FDCPA.

65.     Defendant is a "debt collector" within the meaning of the FDCPA.

66.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

      a.     Defendant violated 15 U.S.C. § 1692d (5) by causing Mr. Andrade's telephone to ring continuously when Defendant knew that Mr. Andrade had requested that Defendant's calls to his telephone stop.

67.     As a result of the above violations of the FDCPA, Mr. Andrade has been subjected to illegal collection activities for which he has been damaged.

68.     Defendant has corporate policies to abuse and harass consumers like Mr. Andrade despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

69.     Defendant's phone calls harmed Mr. Andrade by trespassing upon and interfering with Mr. Andrade's rights and interests in his Cellular Telephone line.

70.     Defendant's phone calls harmed Mr. Andrade by wasting his time.

71.     Defendant's phone calls harmed Mr. Andrade by being a nuisance and causing him aggravation.

72.     Defendant's phone calls harmed Mr. Andrade by causing a risk of personal injury to Mr. Andrade due to interruption and distraction.

73.     Defendant's phone calls harmed Mr. Andrade by invading his privacy.

74.     Defendant's phone calls harmed Mr. Andrade by causing him embarrassment.

75.     Defendant's phone calls harmed Mr. Andrade by causing him emotional distress.

76.     It has been necessary for Mr. Andrade to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

77.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

  a.  Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

  b.  Awarding actual damages;

  c.  Awarding costs and attorneys' fees; and

  d.  Any other and further relief as this Court deems equitable.

### _Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA")_

78.     Mr. Andrade re-alleges paragraphs 1-22 and incorporates the same herein by reference.

79.     Defendant violated the FCCPA.  Defendant's violations include, but are not limited to, the following:

  a.  Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Mr. Andrade's Cellular Telephone despite Mr. Andrade's demands that Defendant's calls cease, which can reasonably be expected to harass Mr. Andrade.

80.     As a result of the above violations of the FCCPA, Mr. Andrade has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

81.     Defendant's phone calls harmed Mr. Andrade by wasting his time.

82.     Defendant's phone calls harmed Mr. Andrade by being a nuisance and causing him aggravation.

83.     Defendant's phone calls harmed Mr. Andrade by causing a risk of personal injury to Mr. Andrade due to interruption and distraction.

84.     Defendant's phone calls harmed Mr. Andrade by invading his privacy.

85.     Defendant's phone calls harmed Mr. Andrade by causing him embarrassment.

86.     Defendant's phone calls harmed Mr. Andrade by causing him emotional distress.

87.     It has been necessary for Mr. Andrade to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

88.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a.   Awarding statutory damages as provided by Fla. Stat. §559.77;

b.   Awarding actual damages;

c.   Awarding punitive damages;

d.   Awarding costs and attorneys' fees;

e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

f.  Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Christopher Andrade, demands a trial by jury on all issues so triable.

Respectfully submitted this **July 26, 2018**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff